## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9027 | **DATE** | 2/22/2002 |
| **CASE TITLE** | William J. Reid vs. GSI Lumonics, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 14 Mar. 02 at 9:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: GSI Lumonics, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 25 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| WAP | courtroom deputy's initials | 02 FEB 22 PM 2:33 Date/time received in central Clerk's Office | mailing deputy initials | |

```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

WILLIAM J. REID,

        Plaintiff,

                             Case No. 01 C 9027

    v.

                             Hon. Harry D. Leinenweber

GSI LUMONICS, INC.,

        Defendant.

DOCKETED
FEB 2 5 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff William J. Reid ("Reid") filed a Complaint against GSI Lumonics, Inc. ("GSI"), a Canadian corporation, in the Circuit Court of Kane County, Illinois. Defendant timely removed the case to this Court, invoking its diversity jurisdiction. Before the Court is Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

## BACKGROUND

Working out of a home office in St. Charles, Illinois, William Reid has worked as an industrial laser sales representative since January 1991. During the summer of 1999, a representative of GSI Lumonics contacted Mr. Reid in Illinois to discuss the possibility of Mr. Reid becoming a Midwest sales representative for GSI. Mr. Reid then met with Scott Mabie, a Sales Manager for GSI Lumonics Corp., at O'Hare International Airport in Chicago to further discuss the possibility of an employment relationship with GSI

15

Lumonics. GSI Lumonics, Inc. is a Canadian corporation specializing primarily in industrial laser cutting tools and related products. GSI Lumonics Corp. is the wholly-owned American subsidiary of the Canadian parent. The precise nature of the relationships between parent, subsidiary and Mr. Reid are at the center of the current controversy and will be addressed in more detail below.

After several communications back and forth, Mr. Reid accepted GSI Lumonics offer to act as its North Central Regional Sales Manager, working out of his home in St. Charles, Illinois. Mr. Reid was supplied by GSI Lumonics with a telephone line and business fax line to conduct its business. He was also supplied with business cards and stationary, all bearing the logo "GSI Lumonics" with no indicia of corporate status. It was Mr. Reid's understanding that he was an employee of GSI Lumonics, Inc. of Canada. GSI contends that Mr. Reid was at all times an employee of the Michigan corporation GSI essentially unrelated to the products or financial interests of the Canadian parent.

When Mr. Reid needed a price quote for a prospective customer in his sales territory, he would contact the GSI Lumonics factory that produced that product and receive a quotation. Sometimes the products that Mr. Reid sold were shipped from GSI Lumonics Corp.'s facility in Massachusetts, while other orders generated by Mr. Reid were filled from the GSI Lumonics, Inc. factory in Canada. In instances where customers would provide confidential information

relative to their business, Mr. Reid was given a boilerplate confidentiality agreement which was to be signed by his immediate supervisor, Scott Mabie, nominally Sales Manager for GSI Lumonics Corp. This nondisclosure agreement given to Mr. Reid clearly states that "the parties to this Agreement are GSI Lumonics Inc., a Canadian Corporation . . . on behalf of itself and its subsidiaries . . . ." Where the contract calls for signatures, Scott Mabie's name appears as signatory for "GSI Lumonics, Inc."

In December 1999, Mr. Reid placed an order for the sale of GSI Lumonics' AM153 Lasers to Tower Automotive in Hales Corners, Wisconsin. Much of the negotiations and other aspects of this sale took place from Mr. Reid's Illinois office. Additionally, Mr. Reid contends, and Defendant does not dispute, that Patrick Austin, the Vice President of Laser Systems Sales for Canada's GSI Lumonics, Inc. was involved on a weekly basis in working with Mr. Reid on details of this sale. GSI Lumonics, Inc. announced this sale in a press release as a sale of a GSI Lumonics, Inc. product, directly benefitting the Canadian company.

Following the closing of this transaction, Patrick Austin sent Mr. Reid an e-mail on February 1, 2000, informing him that his commission for the Tower Automotive sale was being reduced pursuant to the Sales Incentive Program (the "SIP") attached as part of Mr. Reid's contract with GSI Lumonics. Significantly, by its terms, Patrick Austin, as Vice President of Sales for Canada's GSI Lumonics, Inc. was vested with ultimate control over the

administration of the SIP and made all final decisions on sales commissions, the heart of the agreement between Mr. Reid and GSI Lumonics.

Between January and April 2001, Mr. Reid generated and negotiated the sale of a product produced by GSI Lumonics' Laserdyne Division to a buyer known as Magellan Aerospace. Prior to the sale of the Laserdyne Division by GSI Lumonics, Inc., Mr. Reid alleges that Pat Austin assured him that he would receive his regular commission for the sale notwithstanding the pending sale of the Laserdyne Division. As with the Tower transaction, Mr. Reid contends that Pat Austin again acted to reduce his commission for the sale. Mr. Reid brought the current Complaint for breach of contract, declaratory judgment, unjust enrichment and other claims against GSI Lumonics, Inc. to recover the lost commissions from the Tower and Magellan sales.

Before the Court is GSI Lumonics, Inc.'s Motion to Dismiss the Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## DISCUSSION

### Standard

The plaintiff bears the burden of proving facts sufficient to establish personal jurisdiction. *Steel v. Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). In considering a Rule 12(b)(2) Motion to Dismiss, the court must construe all allegations of the complaint as true, and any conflict in

affidavits must be construed in favor of the non-moving party. *Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996).

A federal court sitting in diversity has personal jurisdiction only if a court in the state in which it sits has jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). This Court must accordingly look to the law of Illinois to determine whether GSI Lumonics, Inc. is subject to personal jurisdiction. Illinois authorizes personal jurisdiction on any basis permitted by the Illinois Constitution and to the full extent allowed under the United States Constitution. *Id.* at 1276.

To satisfy the requirements of due process, a defendant must have minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The contacts must be established by the purposeful acts of the defendant. *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1243 (7th. Cir. 1990). Put another way, the contacts must be such that the defendant could reasonably anticipate being haled into court in the forum state. *RAR*, 107 F.3d at 1277. Within these boundaries defined by the Due Process Clause, a state may exercise either general or specific jurisdiction over a defendant. Mr. Reid does not assert that general jurisdiction is proper in this case, but instead asks the

Court to invoke specific personal jurisdiction arising from GSI Lumonics, Inc.'s contacts with Illinois.

### Defendants' Motion to Dismiss

In this case, Mr. Reid argues that GSI Lumonics, Inc. transacted business in Illinois, thus subjecting it to specific personal jurisdiction under the provisions of the Illinois Long Arm Statute. 110 ILCS 5/2-209(a)(1). This Court must therefore decide whether GSI Lumonics, Inc. has purposefully established minimum contacts with Illinois and consider whether, by traditional standards, those contacts would make personal jurisdiction reasonable and fair under the circumstances. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985). Specific jurisdiction under the Illinois Long Arm statute further requires that the lawsuit "arise out of" or "be related to" the minimum contacts GSI Lumonics, Inc. had with Illinois, since a defendant will be considered to have had fair warning that it could be required to defend a lawsuit in Illinois if the defendant purposefully availed itself of the forum. *Id.* at 477-78. The Court will first determine whether or not an Illinois court would consider GSI Lumonics, Inc. to have had sufficient minimum contacts with Illinois to justify specific jurisdiction.

### Minimum Contacts

In support of its position that GSI Lumonics, Inc. had no contact with Illinois, Defendant argues that: Mr. Reid was the employee of its wholly-owned subsidiary GSI Lumonics, Corp., a

- 6 -

Michigan Corporation; GSI Lumonics, Inc. has not acted through an agent in Illinois; it has not transacted any business in Illinois; it is not a party to any contract in Illinois; it does not have any sales representative or agent in Illinois; it has not offered to sell or sought to sell any product in Illinois. In effect, Defendant asks this Court to accept the formal legal distinction between the entities as conclusive and shut its eyes to the true nature of the relationship between Michigan subsidiary and Canadian parent.

It is true that conducting business in a state through a wholly-owned subsidiary does not necessarily render the parent corporation amenable to the jurisdiction of that forum. *Central States, et al. v. Reiner Express World Corp.*, 230 F.3d 934, 945 (7th Cir. 2000). However, the Seventh Circuit has equally recognized that "a corporation should not be able to insulate itself from the jurisdiction of the states in which it does business by the simple expedient of separately incorporating its sales force and other operations in each state." *IDS Life Insurance Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 541 (7th Cir. 1998) (Posner, C.J.). The decision of the Illinois Supreme Court in *Maunder v. DeHaviland Aircraft of Canada, Ltd.*, 466 N.E.2d 217 (Ill. 1984) is closely analogous to the case at bar and provides a list of factors examined to determine if a parent corporation may be subjected to personal jurisdiction in Illinois.

In *Maunder*, a Canadian parent corporation (DeHaviland Aircraft of Canada, Ltd.) contested personal jurisdiction, claiming that it had never contacted the forum and that personal jurisdiction could only be exercised over its eponymous wholly-owned American subsidiary (DeHaviland Canada, Inc.), which marketed and sold its products in Illinois. The plaintiff argued that the actions of the subsidiary in the forum were so intertwined with advancing the interests of the defendant, that the fact that sales were conducted indirectly through a wholly-owned subsidiary did not excuse the parent from the jurisdiction of Illinois courts. Accepting the plaintiff's argument, the Court held that, if a subsidiary is found to be acting as the parent's agent in the sense of conducting primarily the parent's business in the forum rather than its own business, the parent can be subjected to personal jurisdiction while satisfying the requirements of due process. *IDS Life Ins. Co.*, 136 F.3d at 541. In holding that the Canadian parent could be subjected to personal jurisdiction for acts of its subsidiary, the Court's analysis focused on control. Specifically, the Court considered facts such as: in the papers and public statements of the parent corporation, the subsidiary is described as a department or division of the parent corporation; the subsidiary's business or financial responsibility is referred to as the parent corporation's own; the subsidiary was a wholly-owned direct subsidiary of the parent; the subsidiary's sole business was the sale of parts for the parent; that the sales representatives employed by the

- 8 -

subsidiary operated under the authority of the parent's Vice President of Sales; parent and subsidiary shared officers and directors; the subsidiary would purchase inventory from the Canadian parent to fill sales orders generated by the American subsidiary's sales representatives. *Maunder*, 466 N.E.2d at 346-47.

Construing all facts and reasonable inferences in favor of the non-moving party, the relevant facts in the current case are as follows: GSI Lumonics, Corp. ("Corp.") is the wholly-owned direct subsidiary of GSI Lumonics, Inc. ("Inc."); Charles Winston is President of both Inc. and Corp.; Patrick Austin is Vice President of Sales for both Inc. and Corp.; public documents issued by Inc. hold out Corp.'s sales force as an extension of Inc.; Scott Mabie, an employee of Corp. and the sales manager who initially contacted Mr. Reid and supervised his activities, is clearly named as Inc.'s agent on the nondisclosure agreement provided to Mr. Reid; sales facilitated by Corp.'s sales representatives were publically announced as sales for Inc.; Inc. regularly provides Corp. with the inventory needed to fill orders through inter-company transfers; the SIP clearly states that Inc.'s VP Patrick Austin oversees and ultimately directs the activities of Corp.'s sales agents. Applying the standard for personal jurisdiction set forth in *Maunder*, the Court believes the facts are sufficient in this instance to hold that Corp. acted largely as Inc.'s agent, thereby subjecting GSI Lumonics, Inc. to personal jurisdiction in Illinois.

Furthermore, Mr. Reid has made a sufficient showing of GSI Lumonics Inc.'s minimum contacts with Illinois and that those contacts are sufficiently related to the current dispute to justify specific personal jurisdiction under the Illinois Long Arm Statute's "business transaction" provision. 110 ILCS 5/2-209(a)(1). Personal jurisdiction under 5/2-209(a)(1) may be conferred by the initiation of a business transaction in Illinois. When a defendant is responsible for initiating several significant links with the forum plaintiff leading to the transaction at issue, this is sufficient to satisfy the requirements of due process. *Madison Consulting Group v. State of South Carolina*, 752 F.2d 1193, 1203 (7th Cir. 1985). Additionally, it is the substance rather than the quantity of the defendant's contacts with the forum that is dispositive. *Tankersley v. Albright*, 374 F.Supp. 530, 534 (N.D. Ill. 1973). Mr. Reid has established that he negotiated much of the Tower Automotive and Magellan Aerospace transactions from his office in St. Charles, that GSI Lumonics, Inc.'s Vice President Pat Austin was directly involved with Mr. Reid in facilitating these transactions and that, at least in the case of the Tower Automotive transaction, the $12 million dollar sale was publically claimed by GSI Lumonics, Inc. as *its* sale.

GSI Lumonics also provided Mr. Reid with company materials to facilitate his activities in Illinois on its behalf. Additionally, the Sales Incentive Plan, which is the essence of Mr. Reid's agreement with GSI Lumonics, vests Patrick Austin, as GSI Lumonics,

Inc.'s Vice President of Sales, with responsibility for administering the plan and making all final decisions regarding the implementation and interpretation of the agreement. It is uncontested that Mr. Austin did indeed exercise such control in several communications with Mr. Reid and in acting personally to modify the commissions Mr. Reid received in connection with the Tower and Magellan transactions. These facts demonstrate that GSI Lumonics, Inc. purposely established contacts with Illinois such that it could have reasonably anticipated the possibility of litigation in Illinois.

**Traditional Notions of Fair Play and Substantial Justice**

Now that minimum contacts have been established, GSI Lumonics, Inc. can escape jurisdiction only by making a compelling case that forcing them to litigate in Illinois would violate traditional notions of fair play and substantial justice *Burger King*, 471 U.S. at 477. Making a defendant litigate in a state in which it engages in economic activity is not traditionally considered unfair. *Id.* at 474. A court may, however, look to the following factors to determine the fairness of a court's exercise of jurisdiction over a defendant: (1) the burden on the defendant; (2) the interests of the forum state; and (3) plaintiff's interest in obtaining relief. *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 292 (1980).

Weighing these factors in the present case, it is clear that hailing GSI Lumonics, Inc. into an Illinois court would be both fair and reasonable. GSI Lumonics, Inc. has not established that

it would be unduly burdensome to travel to Illinois in order to defend this case. Illinois clearly has a strong interest in regulating the activities of economic actors operating in the state. Finally, Illinois has an obvious interest in assuring remedial relief for its citizens who have been injured by foreign actors. *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992).

### CONCLUSION

GSI Lumonics, Inc. has purposefully established sufficient minimum contacts with Illinois such that the exercise of specific personal jurisdiction over it in Illinois is consistent with traditional notions of fair play and substantial justice. Accordingly, GSI Lumonics, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction is DENIED.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: February 22, 2002